## MARY M. FLAHERTY, Respondent, *against* GEORGE GREENMAN *et al.* Appellants.

(Decided February 4th, 1878.)

Where the defendants were common carriers of freight and passengers by steamboat from New York City to Sag Harbor, L. I., and the plaintiff's trunk was delivered on board of their boat, marked with the plaintiff's name and "Sag Harbor, L. I.,"—*Held*, that they were answerable for a failure to deliver it in the absence of evidence repelling the presumption of loss through their negligence, and that the defendants were not entitled to have the jury instructed that if the trunk was carried without any ticket being purchased by the plaintiff she could not recover·

*Held*, further, that this question has been settled by the Court of Appeals in *Fairfax* v. *The N. Y. Central & Hudson River R. R. Co.* (67 N. Y. 11), and that therefore this court should not make an order, under L. 1874, c. 322, for the purpose of allowing the defendants to have the question reviewed by the Court of Appeals.

*Held*, further, that although there was no allegation or admission in the pleadings that the defendants were carriers of freight (the allegation of the complaint being only that they were carriers of passengers and baggage), that the court on appeal might and would, in order to sustain the judgment, conform the pleadings to the proof by allowing the complaint to be amended by inserting such an allegation.

MOTION made at general term that it make an order, under L. 1874, c. 322, stating that there was involved in the case some question of law which ought to be reviewed by the Court of Appeals.

The action was for the loss of the plaintiff's trunk which, it was alleged, had been lost by the negligence of the defendants while in their charge as common carriers of passengers and baggage between New York City and Sag Harbor, L. I. The plaintiff had a verdict and the judgment thereon was affirmed at general term.

The facts which the appellants claimed showed error on the trial are stated in the opinion.

*Butler, Stillman & Hubbard*, for the motion.

*Roe & Marklin*, opposed.

CHARLES P. DALY, Chief Justice.—To authorize us to send a case to the Court of Appeals, we must, by statute, state in the order that there was involved a question of law which ought to be reviewed by the Court of Appeals (L. 1874, c. 322, p. 378), and we cannot so certify in this case, as the law governing it has been settled by that court.

The point raised is, that the defendants were answerable for the loss of the trunk only as baggage in the event of a contract between them and the plaintiff to carry her as a passenger; and as there was conflict upon the question whether she had or had not purchased a ticket, that they were entitled to have the jury instructed that if the trunk was carried without any ticket being purchased by the plaintiff she could not recover.

We held that if the trunk was delivered on board the steamboat, marked, as the plaintiff testified, " Mary M. Flaherty, Sag Harbor, L. I.," they were answerable for the failure to deliver it, in the absence of evidence repelling the presumption of a loss through their negligence, and it is this ruling which the defendants desire to review in the Court of Appeals.

That the law has been settled upon this point by the Court of Appeals, will appear after a statement of the facts which we must assume were found by the jury from the verdict they rendered.

The testimony given on the part of the defendants created a very strong presumption that the trunk was never delivered on board the defendant's steamboat, but was probably, by mistake, put by the expressman upon some other steamer. But the jury found for the plaintiff, and we must, consequently, assume that they found the facts to be as testified to by the expressman, and his testimony shows a delivery of the trunk on board the defendant's boat, under circumstances which bound them for the due delivery of it in Sag Harbor, unless their inability to do so arose from facts showing its loss without any negligence on their part.

His statement is, that when he brought the trunk to the " Coit," about half-an-hour before the departure of the boat,

he found several persons there, but no one acting in the capacity of receiving baggage ; that a man was coming up the gang-plank whom two or three weeks afterwards, the witness saw on the deck in the act of receiving baggage from a coach containing ladies, and who was then giving directions to the coachman where to put the baggage on board the " Coit ; " and ordering other baggage to be carried forward by a man who had a hand truck. The expressman testified that he asked the man thus subsequently identified as employed in giving directions respecting baggage, where " the baggage was to go that went to Sag Harbor," and that the man answered, " Over there," pointing to a particular spot on the boat where there were several packages and trunks ; and that a person was standing by the baggage whom the witness identified in court as the witness Geary, the baggage master of the boat, and whose duty it was, as he testified himself, to receive all the baggage that came on board. The expressman swore that he then took the trunk upon his shoulder, carried it on board the boat, and placed it by the other baggage without asking for a receipt, as he never took receipts. This was ample evidence of the delivery of the trunk on board the boat, and into the custody of the defendants' agents, for whether the man who directed him where to place it had or had not, at that time, any duty in respect to baggage, the baggage master of the boat, whose duty it was to receive all baggage, was standing by the spot where the expressman placed the trunk ; and the expressman says he also asked him where the Sag Harbor baggage went, and that he answered, " There."

There can be no doubt, assuming, as we must do, that these were the facts, that there was a delivery of the trunk into the custody of the defendants' agents, and although the plaintiff did not go in the steamboat that day, as she did not reach the pier until after the boat had left, and although a ticket may not have been purchased for her, although there was direct evidence that one was purchased on board of the boat that morning, still the defendants, from their own testimony, assumed, in respect to a trunk so left, the responsibility

.of common carriers, as their own witness, an officer of the boat, who had charge (and had upon that day) of all the baggage put on board of it, testified that if the person who demanded a *piece* of baggage at Sag Harbor as owner, had no check for it, there would be a freight bill upon it. But, independently of his statement, the defendants would undoubtedly have been entitled to charge for the carriage of .the trunk to Sag Harbor if the plaintiff had neither gone in the boat nor purchased a ticket, and they were not bound to deliver it until the charge for its transportation was paid. This is too plain for comment, and affords no support for the assumption of the defendants, on this appeal, that their obligation in respect to the trunk was simply that of gratu itous bailees. That the defendants were carriers of freight as well as of passengers, in the steamboat, appears by the evidence of their purser, who testified that he made out the freight bills and received the freight. The complaint is simply that they were common carriers of passengers and baggage for hire. The averment that they carried baggage for hire would probably be sufficient to charge them for the non-delivery of the trunk under the facts proved in the case ; but even if it were not we can, and in support of the verdict. will, conform the pleadings to the evidence, especially where it is the evidence given by the defendants, and in respect to the appellant's suggestion that the general term has no power to make such an amendment, it is sufficient to refer to the numerous decisions of the Court of Appeals to show, not only that we have such power in cases like this, but possess powers, in this respect, of a most extensive nature. See the decisions of the Court of Appeals upon this point, collected in *Tooker* v. *Arnoux*, decided in the last January term.

The Court of Appeals decided in *Fairfax* v. *The N. Y. Central R. R. Co.* (see opinion submitted by respondent*) reversing the judgment of the Superior Court of this city; that the defendants, who took charge of the plaintiff's baggage in

---

. * Now reported in 67 N. Y. 11.

Troy, carried it to New York, and deposited it in their warehouse, were answerable for the non-delivery of it to the plaintiff, although he was not a passenger upon their road; the ticket which he purchased in Montreal for New York being for the Rensellaer & Saratoga Railroad to Albany, and from thence by the People's line of steamboats for New York. It was held that as the plaintiff's portmanteau was taken in charge by the defendants, carried to New York and deposited in their baggage rooms, they incurred the responsibility of warehousemen at least, and as it had disappeared when the plaintiff demanded it, and they could give no account of its disappearance, that this was *prima facie* evidence of negligence.

That decision covers the present case. In this case, as in that, the baggage was delivered into the custody of the defendants' agents, and failing to deliver it when demanded, or to give any account of it, a loss through their negligence was to be presumed. In that case no contract existed with the Central Railroad to carry the plaintiff as a passenger, but their liability was founded simply upon the fact that they took the plaintiff's baggage into their custody and failed to deliver it on demand, or to give any account of it.

The application to go to the Court of Appeals, therefore, should be denied.

ROBINSON and LARREMORE, JJ., concurred.

Motion denied.